IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**CHRISTOPHER R. BILLUPS,**             **CASE NO. 2:08-cv-00782**
                                                  **JUDGE FROST**
            **Petitioner,**                        **MAGISTRATE JUDGE ABEL**

v.

**PHILLIP KERNS, Warden,**

            **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMEND**S that this action be **DISMISSED.**

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> On August 17, 2005, in case No. 05CR-08-5571, appellant was indicted on one count of attempted murder with specification, one count of felonious assault with specification, and one count of having a weapon under disability. Appellant was subsequently indicted on January 31, 2006, in case No. 06CR-01-836, on two counts of theft, and again on April 19, 2006, in case No. 06CR-04-2895, on two counts of breaking and entering, one count of receiving stolen property, and one count of possession of criminal tools.
>
> The trial court held a joint plea and sentencing hearing on July 10, 2006. At the hearing, appellant pled guilty to: one count of attempted murder without specification and one

> count of having a weapon under disability (case No. 05CR-08-5571); one count of theft (case No. 06CR-01-836); and one count of breaking and entering (case No. 06CR-04-2895). The trial court accepted appellant's pleas and found him guilty. Pursuant to a joint recommendation of defense counsel and plaintiff-appellee, State of Ohio ("the State"), the court sentenced appellant, in case No. 05CR-08-5571, to ten years on the attempted murder charge and four years on the weapon under disability charge, to be served consecutive to each other, and concurrent with the sentences imposed in case Nos. 06CR-01-836 and 06CR-04-2895.FN1 As part of the plea bargain, a nolle prosequi was entered on the remaining counts of the indictments in the foregoing cases.
>
> FN1. The trial court, pursuant to the joint recommendation, sentenced appellant to a one year term of imprisonment in case no. 06CR-01-836, and a one year term of imprisonment in case No. 06CR-04-2895, to run concurrent with each other, as well concurrent with the sentence imposed in case No. 05CR-08-5571.

*State v. Billups*, 2007 W: 853335 (Ohio App. 10th Dist. March 22, 2007). Petitioner filed a timely appeal, in which he asserted the following assignment of error:

> Retrospective application of the holding of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 violated the Due Process protections of the Fifth and Fourteenth Amendments and the *Ex Post Facto* clause of Article I, Section 10 of the United States Constitution.

*See id.* On March 22, 2007, the appellate court affirmed the trial court's judgment. *Id.* On August 29, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Billups*, 114 Ohio St.3d 1510 (2007).

Meanwhile, petitioner filed a *pro se* petition to vacate or set aside sentence. He asserted the following claims:

> 1. Ineffective assistance of counsel. As a 1st time offender I
> was instructed to accept the maximum against my own will.
>
> My attorney asked for a moment "off record" to instruct me
> to do so.
>
> 2. Trial counsel refused to attempt to suppress an
> incriminating taped conversation that was to be used by the
> Franklin County prosecutor.
>
> Failure to go through with a trial by jury, even though there
> was no physical evidence or actual witnesess to the crime
> itself.

*Exhibit 17 to Return of Writ.* In a judgment entry filed on January 5, 2007, the trial court denied petitioner's post conviction petition. *Exhibit 18 to Return of Writ.* Petitioner apparently never filed an appeal.

On August 20, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Conviction obtained by use of coerced confession.
>
> In pleading guilty, I was instructed by my attorney Mr.
> Douglas A. Funkhouser to admit guilt to things I'd told him
> I was not guilty of. Pages 9 & 10 of my trial transcripts are
> proof, & clearly show[] where Mr. Funkhouser took a
> moment "off the record" to tell me to answer "yes" –
> confirming guilt to questions I had just answered "no" to.
>
> 2. Maximum and consecutive sentences as a first time
> offender.
>
> As a first time offender I was handed down the maximum
> punishment allowable without the Honorable Judge John F.
> Bender stating his reasons(s) for doing so. My maximum

3

sentence was on my most serious offense – being 10 years for Attempted Murder. I was also subjected to a consecutive sentence on top of that – being 4 years for Weapons Under Disability.

3. Guilty Plea was not knowing[], intelligent, and voluntar[y].

A guilty plea being a "deal" is not a deal by jointly recommending the worst possible outcome, being the maximum punishment allowable on the most serious offense, as well as consecutive sentences. It was not an intelligent plea, it was coerced by my attorney telling me off the record that I would lo[o]se and receive more time if I were to go through with a trial by jury. My attorney told me that I needed to stress that I was happy with his help.

4. Consecutive sentences exceeds the maximum on my most serious offense.

With the 4 yr. Weapon Under Disability charge running consecutive the 10 yr. Maximum on the Attempted Murder has been brought to a total of 14 years. As a first time offender I do not believe that the consecutive sentence was necessary to fit the punishment for the crime. I am deeply remorseful for what happened, and a significant amount of my life has, and still will be taken from me even if my sentence is modified and/or corrected. I ask the court to run the new consecutive sentence concurrent to the Attempted Murder.

It is the position of the respondent that petitioner's claims are unexhausted and without merit.

## PROCEDURAL DEFAULT

Although petitioner Billups presented Claims One and Three to the trial court in a postconviction petition, he did not appeal that court's adverse decision to the Ohio

4

Court of Appeals. For the reasons discussed below, those claims are procedurally defaulted and cannot be reviewed on the merits in federal habeas corpus.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.*

Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claims one and three, petitioner asserts that his guilty plea was not knowing, intelligent, and voluntary, and that his plea was coerced, based on off-the-record conversations with his attorney. Petitioner properly raised this off-the-record claim in post conviction proceedings, *see Exhibit 16 to Return of Writ*; however, petitioner never filed an appeal of the trial court's decision denying his claims to the state appellate court. Respondent contends that these claims thereby are unexhausted; however, Ohio does not permit delayed appeals in post conviction proceedings. *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). Therefore, petitioner has no further state court remedies available to him. Thus, his claim is procedurally defaulted. The state courts were never given the opportunity to enforce the procedural rule at issue due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been met.

Further, the state rule barring petitioner's claim constitutes an adequate and independent state ground to preclude federal habeas corpus review. The state courts must be given an opportunity to address petitioner's federal constitutional claims. The time limits for filing appeals in post conviction proceedings serves the state's interests in finality and in early adjudication of claims.

Petitioner has waived claims one and three for federal habeas corpus review. He may still obtain review of these claims if he establishes cause for his procedural default as well as actual prejudice. Petitioner has failed to establish cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333. Petitioner has failed to meet this standard here.

Claims one and three are waived.

**CLAIMS TWO AND FOUR**

In claims two and four, petitioner asserts that the trial court improperly sentenced him to maximum and consecutive terms of incarceration as a first time offender. The state appellate court rejected this claim as follows:

> Appellant argues that the *State v. Foster,* 109 Ohio St.3d 1408, 2006-Ohio-1702, court's FN2 severance of R.C. 2929.14(B) unlawfully deprived him of due process and unlawfully

7

operates as an ex post facto law because it inflicts a greater punishment upon him than he would have faced under the sentencing statutes (minus the fact-finding provisions found unconstitutional in *Foster* ) that were in place at the time he committed his crimes. As a result, appellant contends that application of *Foster* to his case unlawfully divests him of the right to minimum terms. He also argues that the severance remedy applied in *Foster* violates due process because it is a significant and unpredictable departure from, and redrafting of, the statutory law enacted by the General Assembly. Thus, appellant seeks a remand and instructions that he be sentenced to minimum concurrent sentences.

FN2. In response to the *Foster* decision, the defendant-appellant Andrew Foster timely filed a motion for reconsideration, arguing that the severance remedy applied in *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution. The Supreme Court of Ohio denied the motion without setting forth the reason(s) for the denial. See *State v. Foster,* 109 Ohio St.3d 1408, 2006-Ohio-1703.

In the case *sub judice*, as noted by the State, appellant's 14-year aggregate sentence was the result of a joint sentencing recommendation. R.C. 2953.08(D)(1), which governs the appealability of jointly recommended sentences, provides: "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Under this section, "authorized by law" means that the sentence imposed falls within the statutorily set range of available sentences, or, in other words, the sentence imposed does not exceed the maximum term prescribed by the statute for the offense. With respect appellate review of agreed-upon sentences, the Court opined in *State v. Porterfield*, 106 Ohio St.3d 5, 10, 2005-Ohio-3095, at ¶ 25, that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence."

In *Foster,* the Supreme Court of Ohio concluded that portions of Ohio's felony sentencing scheme was unconstitutional, and severed the offending sections from Ohio's sentencing code. R.C. 2953.08(D)(1), however, was not one of the sections that was severed. Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence authorized by law.

In this case, appellant pled guilty to one count of attempted murder (a felony of the first degree), one count of having a weapon under disability (a felony of the third degree), one count of theft (a felony of the fifth degree), and one count of breaking and entering (a felony of the fifth degree). The available statutory range for these offenses are: from three to ten years imprisonment for a felony of the first degree; from one to five years imprisonment for a felony of the third degree; and from six to 12 months imprisonment for a felony of the fifth degree. Appellant agreed to the 14-year aggregate sentence imposed by the trial court, and the prison term imposed falls within the statutory range. Therefore, appellant's sentence was authorized by law. Accordingly, R.C. 2953.08(D) precludes review of his sentence.

Although appellant asserts a *Foster* challenge to his agreed-upon sentence, we find that *Foster* has no application to same. Pre- *Foster,* this court held that jointly recommended sentences were immune from attack involving *Blakely v. Washington*, 524 U.S. 296, 124 S.Ct. 2531. *See, e.g., State v. Graham*, Franklin App. No. 05AP-588, 2006-Ohio-914; *State v. Brown*, Franklin App. No. 05AP-375, 2006-Ohio-385; *State v. Jones*, Franklin App. Nos. 06AP-354, 06AP-355, 2006-Ohio-6654. Given that *Foster* is premised on *Blakely,* we are, likewise, compelled to conclude that *Foster* does not apply to agreed-upon sentences. In doing so, we note that other appellate districts are in accord. See, e.g., *State v. Spurling,* 1st Dist. No. C-060087, 2007-Ohio-858; *State v. Giesley,* 3rd Dist. No. 5-06-31, 2006-Ohio-6851; *State v. Bower,* 4th Dist. No. 06CA3058, 2006-Ohio-6472; *State v. Carrico,* 5th Dist. No.2005CA00324, 2007-Ohio-559; *State v. Seals,* 8th Dist. No.

> 88047, 2007-Ohio-819; and *State v. Kimble,* 11th Dist. No.2005-T-0085, 2006-Ohio-6096. Accordingly, appellant's assignment of error is overruled.

*State v. Billups, supra.* The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §2254(e)(1) provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence that was presented. 28 U.S.C. §2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States District Court for the Western District of Michigan has summarized this standard as follows:

> [A] decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

*Williams v. Lavigne*, 2006 WL 2524220 (W.D. Michigan August 30, 2006), citing *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner has failed to meet this standard here.

To the extent that petitioner asserts a violation of state law, such claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts

11

must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Petitioner's claim that his sentence violated the Ex Post Facto Clause and due process likewise fails. As discussed by the state appellate court, *State v. Foster*, 109 Ohio ST.3d 1 (2009), had no application to petitioner's sentence, since the trial court sentenced him pursuant to the joint agreement of the parties. Further, federal habeas courts have repeatedly rejected the argument that retroactive application of *Foster* violates due process and the Ex Post Facto Clause. *See, e.g., Woody v. Welch,* 2009 WL 1440828 (N.D. Ohio May 20, 2009); *Shahan v. Smith*, 2009 WL 2169194 (S.D. Ohio July 16, 2009); *Pitts v. Warden*, 2008 WL 4758697 (N.D. Ohio October 29, 2008); *Hooks v. Sheets*, 2008 WL 4533693 (S.D. Ohio October 3, 2008); *Allen v. Hudson*, 2009 WL 1649312 (N.D. Ohio June 10, 2009);*Woody v. Welch*, 2009 WL 1440828 (N.D.Ohio May 20, 2009);*Smith v. Wilson*, 2008 WL 4758696 (N.D. Ohio October 29, 2008).

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is

made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel
United States Magistrate Judge